FILED
CHARLOTTE, NC
NOV 14 2007
U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 3:07-cr-98-W |
| | ) | |
| v. | ) | PLEA AGREEMENT |
| | ) | |
| ECOSOLVE LLC | ) | |

NOW COMES the United States of America, by and through Gretchen C.F. Shappert, United States Attorney for the Western District of North Carolina, and the defendant, Ecosolve LLC ("Ecosolve"), through Ralph Wiley Rogers, who has a majority equity interest in Ecosolve and who is authorized by Ecosolve's Board of Managers to enter into this Plea Agreement and associated agreements, and through counsel, Peter Crane Anderson, Esq., and respectfully inform the Court that they have reached the following agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C):

## I. Plea

1. The defendant agrees to enter a voluntary plea of guilty to Counts Seven through Ten of the Bill of Indictment [charging the defendant with violations of 33 U.S.C. 1319(c)(2) and 1319(c)(4) (hereinafter "the Clean Water Act")], and admits to being in fact guilty of said violations of the Clean Water Act in Counts Seven through Ten.

2. If the Court finds the defendant's plea to be voluntary and knowingly made, and accepts the plea, then the United States will move at the appropriate time to dismiss the remaining counts in the Bill of Indictment as to this defendant.

3. The defendant agrees that the Court may consider any such dismissed count(s) in the Bill of Indictment and all pertinent information as "relevant conduct," *United States Sentencing Guidelines [U.S.S.G.] § 1B1.3*. The Court may also consider any dismissed count as a "conviction" for purposes of 28 U.S.C. §§ 1918 (costs of prosecutions, including fines and forfeitures), 920 (court costs, including fees for interpreters), as well as for purposes of forfeiture and restitution.

## II. Sentence

4. The defendant is aware that the statutory minimum and maximum sentences for each count are as follows:

<u>Counts Seven through Nine</u>: a fine of between $5,000 and $50,000 per day of violation and a period of probation.

1

Case 3:07-cr-00098-FDW    Document 35    Filed 11/14/07    Page 1 of 5

<u>Count Ten</u>: a fine of $10,000 and a period of probation.

5. The defendant is aware that the Court will consider the *United States Sentencing Guidelines [U.S.S.G.]* in determining the appropriate sentence and that the sentence will be without parole. The defendant is further aware that the Court has not yet determined the sentence, that any estimate from any source, including defense counsel, of the likely sentence is a prediction rather than a promise, and that the Court has the final discretion to impose any sentence up to the statutory maximum for each count. The defendant further understands that no recommendations or agreements by the United States are binding upon the Court. Knowing these facts, the defendant understands and acknowledges that the defendant may not withdraw the plea solely as a result of the sentence imposed.

6. With regard to the *United States Sentencing Guidelines*, the defendant and the United States, pursuant to Fed. R. Crim P. 11(c)(1)(C), stipulate and agree to the following:

    a. The defendant will pay a fine of $160,000, to be paid immediately upon sentencing. If Ecosolve is unable to pay the fine in full at the time of sentencing, which fact must be confirmed by the US Probation Office, the parties agree that such inability to pay will not constitute a breach of the plea agreement. However, in such event, Ecosolve will be required to make regular payments based upon a schedule determined by the US Probation Office, which may include interest upon the initial fine amount

    b. The defendant will be placed on three (3) years of probation, the terms of which will include but not be limited to the corporate compliance provisions described in the following paragraphs.

    c. The United States reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, the United States reserves the right to make any recommendation as to quantity and quality of punishment.

7. During the probation period, the defendant will permit the U.S. Environmental Protection Agency, North Carolina Department of Environment and Natural Resources, Charlotte-Mecklenburg Utilities Department, or other regulatory agency to inspect the defendant's books and records and any of its physical facilities and equipment without notice and without a warrant or further permission of the defendant or its employees, officers, or agents.

8. During the probation period, the defendant has an independent duty to report immediately to the Court, through the U.S. Probation Office, any violation, or possible violation, of this

2

agreement, any orders of the Court, or any environmental law, regulation, ordinance, or other environmental requirement.

9. The defendant will abide by the Environmental Compliance Plan attached hereto, which is incorporated by reference into this plea agreement.

10. The parties agree and stipulate that, because of the inconsistent nature and magnitude of the practices that resulted in the Clean Water Act violations, and the fact that any losses are unsusceptible to measurement and are unquantifiable, there will be no restitution paid in this case.

11. If more than $500.00 in restitution, fines, and/or assessment is owed to the United States government, a lien will be filed. The defendant understands that if a lien is filed against his property, his obligation to pay restitution shall last for twenty years after any imprisonment ordered or until his death. 18 U.S.C. § 3613.

12. The defendant hereby agrees to pay the total amount required for assessment ($100 per count) to the Clerk, United States District Court, before 5:00 p.m. on the date of pleading guilty. The defendant further agrees to participate in the Inmate Financial Responsibility Program to the extent necessary to fulfill all financial obligations due and owing under this agreement and the law.

## III. Procedure

13. The defendant agrees that a duly-qualified federal Magistrate Judge may conduct the hearing required by Fed. R. Crim. P. 11.

14. The defendant stipulates that there is a factual basis for the plea of guilty, and that the factual basis is attached as the Factual Resume attached hereto and is incorporated by reference into this plea agreement.

## IV. Waivers

15. The defendant understands and agrees that if it should fail to specifically perform or to fulfill completely each and every one of his obligations under this Plea Agreement, then the United States will be relieved of its obligations under the agreement, but the defendant will not be allowed to withdraw the guilty plea.

16. The defendant is aware that the law provides certain limited rights to withdraw a plea of guilty. The defendant has discussed these rights with defense counsel and knowingly and expressly waives any right to withdraw the plea once the court has accepted it.

17. The defendant acknowledges that Federal Rule of Criminal Procedure 11(f) and Federal Rule

3

of Evidence 410 are rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. The defendant knowingly and voluntarily waives the rights which arise under these Rules. As a result of this waiver, it understands and agrees that any statements that are made in the course of his guilty plea or in connection with its cooperation pursuant to this plea agreement will be admissible against it for any purpose in any criminal or civil proceeding if its guilty plea is subsequently withdrawn or in any post-conviction proceeding if the defendant challenges the voluntary nature of the guilty plea.

18. The defendant understands and agrees that by pleading guilty, the defendant is expressly waiving the following rights:

   a. to be tried by a jury;
   b. to be assisted by an attorney at trial;
   c. to confront and cross-examine witnesses; and,
   d. not to be compelled to incriminate himself.

19. Defendant and defendant's counsel warrant that they have discussed: (1) defendant's rights pursuant to 18 U.S.C. § 3742, 28 U.S.C. § 2255, and similar authorities to contest a conviction and/or sentence through an appeal or post-conviction after entering into a plea agreement; (2) whether or not there are potential issues which might be relevant to an appeal or post-conviction action; and (3) the possible impact of any such issue on the desirability to the defendant of entering into this plea agreement.

20. Defendant, in exchange for the concessions made by the United States in this plea agreement, waives all such rights to contest the conviction and/or the sentence except for: (1) claims of ineffective assistance of counsel or (2) prosecutorial misconduct.

21. Also, in exchange for the concessions made by the United States, defendant agrees that the United States preserves all its rights and duties with respect to appeal as set forth in 18 U.S.C. § 3742(b), while the defendant waives all rights to appeal or collaterally attack the sentence of conviction with three the exceptions set for above. This agreement does not limit the United States in its comments in or responses to any post-conviction matters.

22. The defendant waives all rights, whether asserted directly or by a representative, to request or to receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

## V. Conclusion

23. The defendant understands that if it breaches this Plea Agreement, or violates any federal, state or local law, or any order of any court, including any condition of pre-trial or pre-

4

sentence, or post-sentence release, the United States will be relieved of its obligations under this Plea Agreement, but the defendant will not be allowed to withdraw his guilty plea. The United States will be free to proceed on any properly-filed dismissed, pending, superseding, or additional charges.

24. There are no agreements, representations, or understandings between the parties in this case, other than those explicitly set forth in this Plea Agreement and none will be entered into unless executed in writing and signed by all parties.

SO AGREED:

_____  DATED: 11/14/07
Steven R. Kaufman, Assistant United States Attorney

_____  DATED: 11/10/07
Peter Crane Anderson, Esq., Attorney for Defendant

_____  DATED: 11/10/07
Ecosolve LLC, Defendant
By Ralph Wiley Rogers,
   authorized by the Ecosolve Board of Managers

5